**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>vs.<br><br>MANUEL CASTRO-LOPEZ,<br><br>                          Defendant. | Case No. 2:09-cr-00016-KJD-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(Mtn to Strike - Dkt. #21) |

This matter is before the court on the Motion to Strike Prior Unlawful 1998 and 1999 Deportations from the Indictment (Dkt. #21) filed by Defendant Manuel Castro-Lopez ("Castro") on July 21, 2009 and the government's Response (Dkt. #22) filed July 29, 2009. The court has considered the Motion and the government's Response. No reply was filed, and the time for filing one has now run.

**BACKGROUND**

Castro is charged in a criminal Indictment (Dkt. #1) returned January 21, 2009 with one count of Unlawful Reentry of a Deported Alien in violation of 8 U.S.C. § 1326. The indictment charges that Castro was deported and removed from the United States on or about May 24, 1991; September 8, 1995; February 21, 1998; and November 11, 1999. The indictment also alleges that on or about January 6, 2009, he returned and was found in the United States, having unlawfully reentered and remained without the express consent of the Attorney General or his successor, the Secretary for Homeland Security under 6 U.S.C. §§ 202(3) & (4) and 6 U.S.C. § 557. In the current motion, Castro challenges the lawfulness of February 21, 1998 and November 11, 1999 removal orders. Castro does not challenge the legality of the 1991 or 1995 removal orders.

///

1    Castro has been convicted of several drug offenses. First, on September 5, 1986, he was convicted in the Superior Court of Los Angeles County for Sale of Marijuana in violation of California Health and Safety Code § 11360(a) and was sentenced to three years in prison. Second, on October 31, 1989, Castro was convicted in the Superior Court of Los Angeles County for Sale of a Controlled Substance, to wit: Cocaine in violation of California Health and Safety Code § 11352 and was again sentenced to three years in prison. Third, on November 5, 1992, Castro was convicted in the Superior Court of Santa Clara County for Possession of Cocaine in violation of California Health and Safety Code § 11350 and sentenced to sixteen months in prison. Fourth, on June 5, 2009, Castro was convicted of two counts of Possession of Narcotic Drugs in violation of A.R.S. § 13-3401, 3408, 3418, 701, 702, and 801. He was sentenced to one and a half years in prison.

On July 7, 1997, a Notice of Intent to Issue a Final Administrative Removal Order ("Notice of Intent") was served upon Castro, alleging that: (1) he was not a citizen or national of the United States; (2) he was a native and citizen of Mexico; (3) he entered the United States at or near Douglas, Arizona on or about May 4, 1995; (4) at that time he was not admitted or paroled after inspection by an Immigration Officer; (5) that he was not admitted for permanent residency; (6) he was convicted on June 5, 1997 in Maricopa County, Arizona for Possession of Narcotic Drug in violation of A.R.S. 13-3401, 3408, 3418, 701, 702, 801; and (7) for those offenses he was sentenced to a period of confinement for one and a half years. Castro was served with the Notice of Intent on December 3, 1997.

Castro indicated he did not want to contest his deportability by checking the appropriate box on the Form I-851 Certificate of Service for the Notice of Intent (attached to the Motion as Exhibit B), which he returned to the Immigration and Naturalization Service. Castro also admitted the allegations and charges in the Notice of Intent, stating he was deportable and acknowledging that he was not eligible for any form of relief from removal. Id. at Cert. of Svs. He waived his right to rebut or otherwise contest the charges contained in the Notice of Intent and his right to review the Final Removal Order, and he requested to be removed to Mexico. Id. Castro also waived the fourteen-day period for execution of the Final Removal Order. Id. A Final Administrative Removal Order was prepared on June 25, 1997, signed by the District Director on December 5, 1997, and served upon

Castro on January 6, 1998.  <u>See</u> Exhibit C of Motion.  Castro was physically removed to Mexico pursuant to a Warrant of Removal/Deportation on February 21, 1998.  <u>See</u> Exhibit D of Motion.  Subsequently, Castro returned to the United States and was placed in immigration proceedings.  On April 5, 1999, the Immigration and Naturalization Service re-instated the 1997 removal order and used it to remove Castro to Mexico on November 23, 2009.  <u>See</u> Exhibit E to Motion.

**The Parties' Positions**

Castro asserts that the government should be precluded from reliance on the 1998 and 1999 removal orders in this matter because they were obtained unlawfully and cannot be used as an element of an illegal re-entry offense.  He argues that he should not have been labeled as an aggravated felon and should not have been placed in administrative immigration proceedings.  As a result of being placed in administrative proceedings, he was denied a hearing before an immigration judge and was also denied relief from removal, including voluntary departure.  Castro asserts his conviction should not have been labeled an aggravated felony because there was no "trafficking element" and it did not qualify as a felony under the Controlled Substances Act.  Castro also asserts that because his Arizona convictions were obtained on the same day, at the same place, and before the same judge, the first was not final and can not be used to qualify the second as an aggravated felony under the Ninth Circuit's ruling in <u>United States v. Garcia-Olmedo</u>, 112 F.3d 399 (9th Cir. 1999).  Because Castro was improperly placed in administrative removal proceedings and not advised of relief from removal, his right to due process was violated, and he was prejudiced by that violation.

In response, the government asserts that, because Castro was convicted of at least three previous drug-related felonies, his Arizona convictions were properly categorized as aggravated felonies, and he was properly removable as an aggravated felon.  Alternatively, the government asserts that even if Castro were eligible for voluntary departure, he has not presented any facts or circumstances to show this discretionary relief would have been granted to him.

**DISCUSSION**

**A.    The Legal Standard for Collateral Attack of a Prior Deportation Order**

The Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009-546 ("IIRIRA"), changed the terminology of the Immigration and Nationality

Act ("INA").  Before IIRIRA, aliens who committed aggravated felonies were placed in *deportation* proceedings after being served with an order to show cause.  Ram v. INS, 243 F.3d 510, 513 (9th Cir. 2001).  After IIRIRA, aliens are placed in *removal* proceedings after being served with a notice to appear.  The cases frequently use the terms deportation and removal interchangeably.  8 U.S.C. § 1326(a) makes it a crime for an alien to enter, attempt to enter, or to be found within the United States without consent of the Attorney General after being denied admission, excluded, deported, or removed.

A defendant may collaterally attack a prior deportation or removal to preclude the government from relying on the deportation in a prosecution under section 1326.  Such collateral attacks of underlying deportations or removals rely on the Supreme Court's decision in United States v. Mendoza-Lopez, which held that the Due Process Clause of the Fifth Amendment requires a meaningful opportunity for judicial review of the underlying deportation.  481 U.S. at 838-39; see also United States v. Arrieta, 224 F.3d 1076, 1079 (9th Cir. 2000).  After the Supreme Court's holding in Mendoza-Lopez, Congress codified when underlying deportations would be subject to such attacks in 8 U.S.C. § 1326(d).  This section reiterates the Court's holding in Mendoza-Lopez, but it also adds an administrative exhaustion requirement.  Pursuant to section 1326(d), an alien may not collaterally attack an underlying deportation proceeding unless he demonstrates that: (1) he exhausted his administrative remedies to seek relief against the deportation order; (2) the deportation proceeding improperly deprived him of the opportunity for judicial review; and (3) the order was fundamentally unfair.  The Ninth Circuit has held that a defendant must demonstrate that his due process rights were violated by defects in his underlying deportation proceeding, and that he suffered prejudice as a result of the violation.  United States v. Proa-Tovar, 975 F.2d 592, 594-95 (9th Cir. 1992) (en banc); Arrieta, 224 F.3d at 1079.

"In a criminal proceeding, an alien cannot collaterally attack an underlying deportation order if he validly waived the right to appeal that order."  Id. (citing United States v. Estrada-Torres, 179 F.3d 776, 780-81 (9th Cir. 1999), cert. denied, 531 U.S. 864 (2000), overruled on other grounds by, United States v. Rivera-Sanchez, 247 F.3d 905 (9th Cir. 2001)).  The exhaustion requirement in section 1326(d) cannot bar collateral review of a deportation proceeding unless the waiver of the right to administrative appeal comports with due process.  United States v. Muro-Inclan, 249 F.3d 1180, 1183

4

(9th Cir. 2001). A waiver of appeal is valid and comports with due process when it is both "considered and intelligent." Arrieta, 224 F.3d at 1079. "Such a waiver is not 'considered and intelligent' when 'the record contains an inference that the petitioner is eligible for relief from deportation,' but is not "advise[d] . . . of this possibility and give[n] . . . the opportunity to develop the issue.'" Muro-Inclan, 249 F.3d at 1182 (quoting Arrieta, 224 F.3d at 1079 (internal quotation omitted)). If the waiver is not considered and intelligent, the deportee is deprived of judicial review in violation of due process. United States v. Lopez-Vasquez, 1 F.3d 751, 753-54 (9th Cir. 1993) (per curiam). The government bears the burden of proving the waiver. Id.

When a defendant moves to dismiss an indictment under § 1326 based on a violation of due process in the underlying removal proceeding, he must also show that prejudice resulted from the violation of his due process rights. Muro-Inclan, 249 F.3d at 1184. "To establish prejudice, petitioner does not have to show that he actually would have been granted relief. Instead, he must only show that he had a 'plausible' ground for relief from deportation." Id. (citation and internal quotation omitted).

**B.     Qualification as Aggravated Felony**

The primary question for the court to address is whether Castro's conviction for possession of narcotics in violation of A.R.S. 13-3401, 3408, 3418, 701, 702, 801 qualifies as an aggravated felony for immigration purposes. If it does, Castro was appropriately placed in expedited administrative removal proceedings under 8 U.S.C. § 1228(b), and he was not eligible for relief from removal through voluntary departure under section 1229(c)(A)(2).

The term "aggravated felony" is defined at 8 U.S.C. § 1101(a)(43)(B) as "any illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." Id. A controlled substance is "a drug or other substance, or immediate precursor," listed on the accompanying schedules and includes methamphetamine. 21 U.S.C. § 802(6). Drug trafficking means "any felony punishable under the Controlled Substances Act." 18 U.S.C. § 924(c)(2). The Controlled Substances Act defines felony as "any Federal or State offense classified by applicable Federal or State law as a felony." In Cazarez-Gutierrez v. Ashcroft, 382 F.3d 905, 912 (9th Cir. 2004), the Ninth Circuit adopted the approach taken by the Second and Third Circuits and held "that a state drug offense is an aggravated felony for immigration purposes only

if it would be punishable as a felony under federal drug laws or the crime contains a trafficking element." Id.

In determining whether Castro's conviction under A.R.S. 13-3401, 3408, 3418, 701, 702, 801 qualifies as an aggravated felony, the Ninth Circuit has held that where a defendant has successive convictions for possession of drugs, the subsequent conviction constitutes an aggravated felony within the meaning of the criminal provisions of the Immigration and Nationality Act. See Garcia-Olmedo, 112 F.3d 399, 402 (9th Cir. 1997). The Ninth Circuit has held that in order to qualify as an aggravated felony, a state drug conviction must be (a) punishable under the Controlled Substances Act; and (b) qualify as a felony. Id. at 400 (citing 18 U.S.C. § 924(c)(2)). Section 844(a) of the Controlled Substances Act provides, in relevant part:

> It shall be unlawful for any person knowingly or intentionally to possess a controlled substance....Any person who violates this subsection may be sentenced to a term of imprisonment of not more than 1 year, and shall be fined a minimum of $1,000, or both, except that if he commits such offense after a prior conviction under this subchapter..., or a prior conviction for any drug or narcotic offense chargeable under the law of any State has become final, he shall be sentenced to a term of imprisonment for not less than 15 days but not more than 2 years.

Id. (emphasis added).

The court also noted that under 18 U.S.C. § 3559(a), an offense is a felony if the maximum term of imprisonment authorized for the offense is "more than one year," and the maximum penalty under 21 U.S.C. § 844(a) for simple possession with a prior conviction is two years. Id. at 401. Therefore, here, as in Garcia-Olmedo, Castro's two prior convictions for sale of controlled substances and one prior conviction for possession of controlled substances render the Arizona conviction an aggravated felony under 8 U.S.C. § 1101(a)(43). Castro does not dispute that he has three prior possession convictions, or that at least two of them are trafficking convictions. His argument that the first Arizona conviction had not yet become final before he was convicted of a "second" Arizona charge is unavailing because his Arizona conviction for possession of controlled substance, coupled with his three prior felony convictions for drug-related offenses in 1986, 1989, and 1992, made him removable as an aggravated felon under 8 U.S.C. § 1101(a)(43).

///

**CONCLUSION**

Applying the Ninth Circuit's precedent in <u>Garcia-Olmedo</u>, 112 F.3d 399, the court finds Castro's 1997 Arizona conviction for possession of narcotics, coupled with his three prior drug-related felony convictions, qualify him as an aggravated felon for immigration purposes. Castro cannot show prejudice as a result of any alleged due process violation because he was properly placed in an expedited removal procedure and not advised of relief from removal.

For all of the foregoing reasons,

**IT IS THE RECOMMENDATION** of the undersigned United States Magistrate Judge that defendants's Motion to Strike Prior Unlawful 1998 and 1999 Deportations from the Indictment (Dkt. #21) be **DENIED.**

Dated this 24th day of August, 2009.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE